

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-16-00174-CR

---

TONJE HUNT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2015-406,498, Honorable John J. "Trey" McClendon III, Presiding

---

May 31, 2016

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Tonje Hunt, appearing *pro se*, seeks to appeal a plea-bargained judgment of conviction for the offense of possession with intent to deliver a controlled substance, cocaine, in an amount of four grams or more but less than 200 grams.[1] In accordance with the terms of the plea bargain, appellant was sentenced to ten years confinement. Because appellant has no right of appeal, we will dismiss.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010).

An appeal must be dismissed unless a trial court's certification showing that the defendant has the right of appeal has been made part of the record. TEX. R. APP. P. 25.2(d). Here, the Trial Court's Certification of the Defendant's Right to Appeal indicates that this was "a plea-bargain case and the Defendant has NO right of appeal." Based upon our review of the record, we find that appellant voluntarily, knowingly, and intelligently entered into a plea bargain and that the terms of this plea bargain were accepted by the trial court. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

By letter dated May 3, 2016, we notified appellant that the trial court's certification showed that this was a plea-bargain case for which appellant had no right of appeal. We advised appellant that the appeal must be dismissed unless an amended certification reflecting that appellant has the right of appeal is received or appellant can demonstrate other grounds for continuing the appeal by May 24, 2016. Although appellant filed a response, she did not file an amended certification and her response did not demonstrate that this Court has jurisdiction.

Because appellant has no right of appeal, we must dismiss this appeal. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Accordingly, we dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam

Do not publish.

2